IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 1:13-CR-439 (SCJ)(AJB) |
| | ) | |
| ALYN WAMBEKE | ) | |
| _____ | ) | |

**MOTION TO DISCLOSE
CONFIDENTIAL INFORMANTS**

NOW COMES DEFENDANT ALYN WAMBEKE and files this motion for the production of the name and location and criminal records of the confidential informants in this case.  In order to fully prepare the defense, counsel for Mr. Wambeke requests that the government be ordered to disclose the confidential informants' full names and locations. Disclosure of the names, records and locations of the informants is also required to assure that they can be subpoenaed by the Defense for court proceedings in this case.

Mr. Wambeke is aware that one or more informants or cooperating individuals were utilized by the government in the investigation and orchestration of this case.  The Defense believes that one or more informants conducted direct negotiations and dealings with Mr. Wambeke.  Thus, Mr. Wambeke hereby requests and requires disclosure of all the informants in this case.

## ARGUMENT

In *Roviaro v. United States*, 353 U.S. 53 (1957), the Supreme Court
observed that the government's privilege to withhold the identities of informants
is limited.  Describing the limits of the privilege, the Court stated:

> A further limitation on the applicability of the privilege
> arises from the fundamental requirements of fairness.
> Where the disclosure of an informer's identity, or the
> contents of his communication is relevant and
> helpful to the defense of an accused, or is essential to a
> fair determination of a cause, the privilege must give
> way. In these situations the trial court may require
> disclosure and, if the Government withholds the
> information, dismiss the action.

*Id.*  at 60-61 (emphasis added).

The Court observed that at the time of the Roviaro decision "most of the
federal cases involving this limitation on the scope of the informer's privilege
ha[d] arisen where the legality of a search without a warrant [was] in issue and the
communications of an informer [were] claimed to establish probable cause. In
those cases the Government [had] been required to disclose the identity of the
informant unless there was sufficient evidence apart from his confidential
communication."  *Id.*  at 61.  Noting that the issue required balancing the public's
interest in the flow of information against the right of the accused to prepare
his defense, the Court held that the outcome in each case would depend upon the

circumstances of that particular case. *Id.* at 62. The Court noted that

considerations should include the crime charged, the possible defenses, the

possible significance of the informer's testimony, and other relevant factors. *Id.* ;

accord *United States v. Kerris*, 748 F.2d 610, 613-14 (11th Cir. 1984).

Once a defendant has shown the importance of a confidential informant to

her defense, the government cannot hide the informant to prevent the defendant

from calling him as a witness at trial. See *United States v. Godkins*, 527 F.2d 1321,

1326-27 (5th Cir. 1976). Concomitantly, the Court should require disclosure of the

informant's identity where it has been shown that disclosure is necessary to allow

the defendant a fair opportunity to prepare and present her defense.

In *Roviaro* the Supreme Court held that the trial court committed reversible

error by allowing the government to withhold the identity of its informant in the

face of requests for disclosure from the defense. *Id.* at 65. The Roviaro informant

had been the sole participant along with the defendant in the charged drug

transaction.  He was critically positioned to "amplify or contradict the testimony of

government witnesses." *Id.* at 64. His knowledge of the events also positioned

him to aid the defendant in establishing possible defenses. *Id.*  Importantly, the

Supreme Court stated that the defendant's opportunity to cross-examine law

enforcement witnesses hardly substituted for an opportunity to examine the man

who had been nearest to him and taken part in the transaction.  *Id.*   The Court

further declared, "The desirability of calling [the informant] as a witness, or at

least interviewing him in preparation for trial, was a matter for the accused rather

than the Government to decide."  *Id.*

> The Eleventh Circuit focuses on a three-part
> inquiry in applying Roviaro: (1) the extent of the
> CI's participation in the criminal activity; (2) the
> directness of the relationship between the defense
> and probable testimony of the CI, and (3) the
> government's interest in non-disclosure.

*United States v. Rutherford*, 175 F.3d 899 (11th Cir. 1999).

There is no hard-and-fast rule, however, for whether an informant's

identity should be disclosed under Roviaro. The Second Circuit appropriately

summarized the Roviaro standard, properly describing it as a balancing test:

The government generally enjoys a "privilege to withhold from disclosure the

identity of persons who furnish information of violations of law to officers

charged with enforcement of that law." *Roviaro v. United States*, 353 U.S. 53, 59,

77 S.Ct. 623, 1 L.Ed.2d 639 (1957). However, "[w]here the disclosure of an

informer's identity, or of the contents of his communication, is relevant and

helpful to the defense of an accused, or is essential to a fair determination of a

cause," the "fundamental requirements of fairness" require that "the privilege must

give way." *Id.*   at 60-61, 77 S.Ct. 623. There is "no fixed rule with respect to [such] disclosure." *Id.*   at 62, 77 S.Ct. 623. Rather, the court must "balanc[e] the public interest in protecting the flow of information against the individual's right to prepare his defense," based on "the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors." *Id.*  If this balancing favors the defendant, then he is entitled to learn the identity of the government's informant. *United States v. Jackson*, 345 F.3d 59, 69-70 (2nd Cir. 2003)(citing and quoting Roviaro).

Importantly, nothing in Roviaro limited disclosure only to those cases where a defendant can articulate, months before trial, a fixed and concrete theory of defense and how precisely the undisclosed informant fits within that theory based upon her probable testimony. Indeed, it is the right to *prepare* a defense that is at stake. Roviaro makes clear that the court is to consider the significance of the informer's testimony, the crimes charged, and the *possible* defenses, as well as all other relevant facts of the case.

Mr. Wambeke asserts that the relevant factors weigh in his favor, particularly in light of the significance of the informants' testimony.  In this case, disclosure of the informants' identity and location is very important to Mr.

5

Wambeke's ability to prepare his defense.  Like the informant in *Roviaro*, the informants are in a critical position to amplify or contradict the testimony of other witnesses. In addition, because of their alleged direct knowledge of events, the informants are uniquely positioned to assist Mr. Wambeke in establishing a defense.  With respect to Mr. Wambeke' defense at trial, a defendant need not reveal his defense to the government in order to make his request for access to the informants.

Counsel for defendant is willing to follow the accepted and customary method of making an in camera showing to the Court as to why the defendant has a need for access to the informants in this case, if necessary. Mr. Wambeke also requests that the Court conduct an appropriate review of the government's claimed interest, if any, in the non-disclosure of this informant's identity to properly weight the competing interests.  Furthermore, disclosure of the material information to *locate* the informants is the only practical way to satisfy the due process or fundamental fairness concerns that Roviaro's disclosure requirement was designed to prevent. "[O]nly by disclosing all material information, especially informant's true name *United States v. Jackson* and address does the prosecution discharge its duty under the due process clause." *United States v. Martinez*, 286 Fed. Appx. 809 (4th Cir. 2008)(unpublished) (relying on Roviaro) (internal

quotation omitted). In Roviaro, the Supreme Court noted that the government should have disclosed the identity and address of a confidential informant directly involved in the charged conduct. *Roviaro*, 353 U.S. at n. 15; see, 345 F.3d 59, 69-70 (2nd Cir. 2003)(government's disclosure of name, social security number, and criminal record satisfied Roviaro obligation). For the reasons set forth herein, Mr. Wambeke requests that this Court compel the government to disclose to the defense the names, records and locations of the informants and to grant Defendant access to the informants.

Dated:  This 3rd day of November, 2014.

Respectfully submitted,

**s/ *L. Burton Finlayson***
L. BURTON FINLAYSON
Attorney for ALYN WAMBEKE
Georgia Bar Number: 261460

LAW OFFICES OF
L. BURTON FINLAYSON
ATTORNEY AT LAW
931 Ponce de Leon Avenue, NE
Atlanta, Georgia 30306
(404) 872-0560
lbfcourts@aol.com

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day electronically filed the foregoing Motion to Disclose CI's using the CM/ECF system which will automatically send email notifications of such filing upon all counsel of record including the following:

> Mr. Brent Allen Gray
> Assistant United States Attorney
> 600 Richard B. Russell Building
> 75 Spring Street, S. W.
> Atlanta, Georgia  30303

DATED:  This 3rd day of November, 2014.


> <u>s/ *L. Burton Finlayson*</u>

> L. BURTON FINLAYSON
> ATTORNEY FOR ALYN WAMBEKE
> State Bar Number: 261460