IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 1:13-CR-439 (SCJ)(AJB) |
| | ) | |
| ALYN WAMBEKE | ) | |
| _____ | ) | |

## SUPPLEMENT IN SUPPORT OF
## MOTION TO SUPPRESS EVIDENCE

### [re: Search Warrant Executed at 222 Dennis Drive
### Alpharetta, Georgia 30009]

COMES NOW the Defendant, ALYN WAMBEKE, pursuant to Rule 12 of

the Federal Rules of Criminal Procedure and the Fourth Amendment to the United

States Constitution, and hereby supplements his previously filed motion to

suppress evidence seized from his residence pursuant to a federal search warrant.

In further support hereof, Mr. Wambeke shows this Court as follows.

1.

On July 26, 2013, HSI / ICE special agent DAVID WESTALL submitted an

affidavit to obtain a  warrant to search Mr. Wambeke's residence located at 222

Dennis Drive, Alpharetta, Georgia, 30009.  The warrant also authorized a search

of Mr. Wambeke's vehicle, a 2005 Toyota Scion, with tag number BQK7737.

(2)

Mr. Wambeke has moved to suppress the evidence seized from his residence. (Doc. 47).  He has requested specific *Brady* information, related to his challenge to the search warrant.  (Doc. 48).  At a recent pretrial conference, the Court directed the government to respond to two areas of concern raised by Mr. Wambeke.   One, the Court directed the government to provide counsel with a copy of Mr. Wambeke's Skype "avatar" photo.  Two, the Court directed the government to provide the defense with any memos or reports relating to surveillance at Mr. Wambeke's residence where agents discovered a secured wireless network which was "associated with the residence."

(3)

On November 24, 2014, the government sent an email to defense counsel containing a photograph which agents believe to have been Mr. Wambeke's Skype profile "avatar" photo.  Government counsel reports, "The Skype profile page was apparently not preserved but during a forensic examination of the attached photo [now cropped] was found among Wambeke's collection."

(4)

As to Mr. Wambeke's second area of concern, the secured wireless network, the government reported as follows:

2

With regard to paragraph 13 - Agent Michael Ashley and Agent David Westall conducted multiple surveillances at the Wambeke residence. While Agent Ashley was parked immediately adjacent to the residence, Agent Ashley observed only secured wireless connections. The point of the statement - "During the multiple surveillances HSI agents were able to determine there was a secured wireless internet connection associated with the residence" - is to show there were no UNSECURED wireless connections associated with the Wambeke residence.

(Email from AUSA Gray, date 11/24/14).

## SUPPLEMENTAL
## ARGUMENT AND AUTHORITY

Regarding the Skype photograph, the defense agrees that the photo recently provided by the government appears to be the Skype avatar photograph. However, the Defendant submits that said image, even in non-redacted form, did not constitute child pornography[1]. In paragraph six of the affidavit, Agent Westhall wrote as follows:

The CS also noted "Crew" had a Skype profile picture that appeared to be child pornography. I have viewed "Crew's" Skype profile picture depicts two, completely nude, young teen

---

[1]In further support, the Defendant proffers that the photograph in question originated on a commercial web-site called MIKE18.com, which apparently posted photographs of adult gay men who appeared young, but were of legal age. Title 18 USC § 2257 requires such commercial web sites to maintain records, identification and proof of legal age for all performers depicted in a visual display of sexually explicit conduct. 18 USC § 2257 (a) and (b).

3

age boys lying down in a forest setting.

(Ex.  B, ¶ 5-6).

This paragraph by the agent contained both a material falsehood and omission.  Although Agent Westall did not come out in this paragraph and overtly claim the photo constituted child pornography, he did not correct the CS's incorrect impression, and he did not inform the magistrate judge that Skype photo was *not* child pornography.  In fact it was quite the opposite.  Agent Westall regurgitated the impressions of the CS, knowing such to be false.  Furthermore, in paragraph 8, Agent Westall attested to the following:

> During a review of Hickey's computer I noticed a file
> folder named Crew.  This file folder contained numerous images
> of child pornography, including the image that "Crew" uses as
> his online profile picture.

(Ex.  B, ¶ 8).

This was a falsehood. The Skype image was not child pornography.


***Lack of Particularity:  A Failure to define "Child Pornography."***

This gives rise to a related issue about which this Court expressed possible concern at the pretrial conference on November 14, 2014.  Although the attesting

Case 1:13-cr-00439-SCJ-AJB   Document 52   Filed 12/03/14   Page 5 of 9

agent at time cited various statutes when referring to "child pornography, " at no point in the affidavit did Agent Westall actually provide the issuing magistrate with a specific definition of what he was seeking to seize as child pornography, or evidence of such.  The cover page of the Warrant Application sought permission to seize items, "which constitutes evidence of the commission of a criminal offense, and property which has been used as the means of committing a criminal offense, concerning a violation of Title 18, United States Code, Sections 2252 and 2252A."

However, in the important affidavit paragraphs, ¶¶ 5-13, wherein the agent sought to establish probable cause, there is no adequate definition of "child pornography."  For example, there are several assertions from the confidential source and cooperating defendants that Mr. Wambeke provided them with child pornography.  However, the term is never defined by these persons or the agent. Given that the CS mistakenly believed the Skype avatar photo was child pornography, this omission was critical and material.

Pursuant to Title 18 U.S.C. § 2256(8),

'Child pornography' means any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where -

5

(A) the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct;

(B) such visual depiction is a digital image, computer image , or computer-generated image that is, or is indistinguishable from , that of a minor engaging in sexually explicit conduct; or

(C) such visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaging in sexually explicit conduct.

   *Id.*

 As mentioned above, the Defendant submits the Skype avatar photo depicted neither sexually explicit conduct, nor minors.

   A search warrant affidavit must particularly describe the thing to be seized. General search warrants, like the one issued here, violate the Fourth Amendment. *Groh v. Ramirez*, 540 U.S. 551 (2004).  The evidence seized from Mr. Wambeke's residence should be suppressed as the warrant failed the particularity requirement. *United States v. Travers*, 233 F. 3d 1327 (11th Cir. 2000).

   ***A secured wireless network establishes nothing.***

 Given the government's recent response and the actual language of Paragraph 13, was insufficient evidence to establish a nexus to Mr. Wambeke's residence. Paragraph 13 did not allege Mr. Wambeke was the subscriber or registered user of a secured network at the residence.  There is no evidence that the secured network which *the agents* "associated" with the residence was registered to Mr. Wambeke or

was recorded with a billing address of the target residence.  Again, the HSI

surveillance failed to place Mr. Wambeke at the target residence, even once.  The

agents only saw the car parked in the driveway.  The fact that agents were able to

discern the home was "associated with[2]" a secured wireless network proves nothing.

A large percentage of homes in America now have secured wireless networks.

Such a generic fact proves and corroborates nothing.

   The government's recent explanation that this paragraph showed there were no

UNSECURED networks, is irrelevant given that there is no proof or allegation in

the affidavit that a specific secured network, proved to be connected inside the

Defendant's house was being used by Mr. Wambeke at the time of the surveillance.

     Mr. Wambeke persists in his claim that there was insufficient nexus

established by the affidavit to justify issuance of the warrant.  The isolated word of

a HSI  agent that people hide child porn (however such is defined) in their homes,

is insufficient to provide probable cause to search a residence.  Probable cause to

believe that the Defendant was involved with child pornography, with out more, did

not justify a search of Mr. Wambeke's residence.  *See United States v. Jenkins*, 901

---

[2]The Defendant also questions and challenges any use in the affidavit of the term **"associated with."**  Experience teaches that "associated with" more often than not means little or nothing.  In short, "associated with" does not establish connected to, containing, registered to, or firmly joined in any form of causal or proximate relationship.  "Associated with" more often than not is a misnomer for mere *free association* on the part of the attesting affiant.

F. 2d 1075 (11th Cir. 1990).


WHEREBY, Mr. Wambeke asks that he be granted an evidentiary hearing on this motion, that he be allowed to brief this matter following an evidentiary hearing, and that ultimately all items seized and derived from the search warrant in this case be SUPPRESSED.


Dated:  This 3rd day of December, 2014.

Respectfully submitted,


**s/ *L. Burton Finlayson***
L. BURTON FINLAYSON
Attorney for ALYN WAMBEKE
Georgia Bar Number: 261460


LAW OFFICES OF
L. BURTON FINLAYSON
ATTORNEY AT LAW
931 Ponce de Leon Avenue, NE
Atlanta, Georgia 30306
(404) 872-0560
lbfcourts@aol.com

8

## <u>CERTIFICATE OF SERVICE</u>

    This is to certify that I have this day electronically filed the foregoing Supplement using the CM/ECF system which will automatically send email notifications of such filing upon all counsel of record including the following:

> Mr. Brent Allen Gray
> Assistant United States Attorney
> 600 Richard B. Russell Building
> 75 Spring Street, S. W.
> Atlanta, Georgia  30303

    DATED:  This 3rd day of December, 2014.

> <u>s/ *L. Burton Finlayson* </u>

> L. BURTON FINLAYSON
> ATTORNEY FOR ALYN WAMBEKE
> State Bar Number: 261460